UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH CAMALO,

        Plaintiff,

v.

XEROX CORPORATION, a foreign corporation, and GREGORY WYMORE, an individual,

        Defendants.
                          /

Case No. 2:16-CV-13667-MAG

Hon. Mark A. Goldsmith
Mag. Judge Mona J. Majzoub

**Oral Argument Requested**

NACHTLAW, P.C.
Charlotte Croson (P56589)
David A. Nacht (P47034)
Joseph X. Michaels (P79084)
Attorneys for Plaintiff
101 North Main Street, Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550

MILLER, CANFIELD, PADDOCK
   and STONE, P.L.C.
Jerome R. Watson (P27082)
Brian M. Schwartz (P69018)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420

                          /

**DEFENDANT XEROX CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED ANSWER, AFFIRMATIVE DEFENSES AND VERIFIED COUNTERCLAIMS**

"LOCAL RULE CERTIFICATION: I, Jerome R. Watson, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1 (d)(3)."

Plaintiff Deborah Camalo's ("Camalo") response to Defendant Xerox Corporation's ("Xerox") Motion for Leave to File Amended Answer, Affirmative Defenses and Verified Counter Claims lacks merit.  The Motion should be granted.

### A. The Law and Facts of This Matter Weigh Strongly in Favor of This Court Granting the Instant Motion

For various reasons, Xerox's motion to file counterclaims should be granted. Camalo entirely ignores the fact that Xerox had initially requested the Court to resolve the underlying matter through a discovery motion but **the Court invited the filing of** the instant counterclaims because they constitute proper venue for resolving the issue. Camalo also does not respond to the fact that the counterclaims may well be compulsory counterclaims under Fed. R. Civ. Pro. 13(a) because they arise out of the same transaction or occurrence that is the subject matter of Plaintiff's claims and do not require a third party for their adjudication. It is wholly appropriate for Xerox to raise them in this case and forum, rather than filing a separate complaint in a different forum.

Granting leave to amend under Fed.R.Civ.P. 15(a)(2) is within the sole discretion of the trial court. *Security Insurance Co. v. Tucker & Associates, Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995).  This discretion is to be exercised in accord with Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits. *Fori Automation, Inc., v. Durr Systems, Inc.*, 586 F. Supp.2d, 867, 69 (E.D. Mich. 2008); 3 Moore's Federal Practice,

§15.14[1], pp. 15-23 to 15-24 (Matthew Bender 3d ed.). The Sixth Circuit emphasizes that the thrust of the rule allowing liberal amendments is to allow for cases to be tried on their merits for all parties. *Jet, Inc. v. Sewage Aeration Systems*, 165 F.3d 419, 425 (6th Cir. 1999).

There is simply no prejudice to Camalo or bad faith on the part of Xerox. The parties are still in the midst of discovery. Camalo's deposition has not yet occurred, and written discovery is still being exchanged. No other witnesses have been deposed. In taking discovery on its proposed counterclaims, it is Xerox's intention to depose Camalo, seek documents (although Camalo claims they all have been produced), and possibly file a set of interrogatories. All these tasks can be accomplished as other discovery is proceeding on this matter.

### B. The Counterclaims Are Not Futile

Camalo obfuscates the purpose of seeking an amendment pursuant to Fed.R.Civ.P. 15(a)(2). Under the guise of arguing the amendment is "futile," Camalo asks the Court to pre-emptively dismiss the counterclaims under the standards of Fed.R.Civ.P. 12(b)(6). (Dkt. 27, pg ID#27). However, the purpose of the instant motion is not to litigate the merits of the underlying counterclaims. A response to a motion to amend is not a substitute for a motion to dismiss. The bottom line is that as a condition of her employment Plaintiff signed an agreement under which she was obligated to observe the confidentiality of Xerox documents.

When Plaintiff was terminated she signed a statement confirming the Agreement and pledging that she did not retain any Xerox confidential or proprietary information in her possession. Then, during discovery she produced almost 900 pages of Xerox documents: Many of which were confidential and proprietary. Certainly, Xerox has a solid basis for the claims it asserts.

### 1. The Counterclaims Plead Sufficient Facts

The Supreme Court has held that, to survive a motion to dismiss, a Complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if a plaintiff alleges facts that "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The instant counterclaims do not simply offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," nor do they tender "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. Rather, the counterclaims include significant amounts of factual detail and documentary evidence, to be explored further in discovery.

### 2. The Breach of Contract Claim is Not Futile

As to the contract claim, Camalo argues that none of the documents that she signed amount to contracts (Dkt. 27, pg ID 285-287). Camalo signed a copy of

3

Xerox's Proprietary Information and Conflict of Interest Agreement, as do **all employees** who are hired by Xerox. Camalo does not dispute that she signed it, but only points out that Xerox has not located her signed copy. Camalo also ignores the fact when she signed the Asset Recovery / Security Termination Statement, she confirmed that she previously signed the Proprietary Information and Conflict of Interest Agreement. Through the Asset Recovery Form, Camalo fraudulently confirmed that she did not take any Xerox property with her.

To state a claim for breach of contract under Michigan law, Xerox must establish the terms of a valid contract, breach of those terms by Camalo, and injury to Xerox resulting from the breach. *See Rockwell Med., Inc. v. Yocum*, 76 F. Supp. 3d 636, 646–47 (E.D. Mich. 2014), *aff'd*, 630 F. App'x 499 (6th Cir. 2015). Confidentiality agreements are a specific type of contract that are enforceable when one party uses confidential information in a manner that is inconsistent with its agreed upon use, including possession. *See Follmer, Rudzewicz & Co., P.C. v. Kosco*, 420 Mich. 394, 402-03 (1984). Here, Camalo is not even disputing that she signed both documents or that she improperly retained the confidential and proprietary. A valid claim has been stated. *See Dana Ltd. v. Am. Axle & Mfg. Holdgins, Inc.*, No. 1:10-CV-450, 2012 WL 2524008, at *8 (W.D. Mich. June 29, 2012) (issues of fact existed, prohibiting dismissal of the claims, as to whether confidentiality agreement was violated where the party retained copies of

4

information after their employment ended).

Xerox has also clearly pled that it has been damaged as a result of Camalo's actions. The documents in question are highly sensitive and proprietary. They include customer information and data. Camalo does not have a right to maintain possession and control over such documents in violation of her contractual obligations. Xerox is seeking monetary damages, injunctive relief and discovery sanctions, including, but not limited to, dismissal of Camalo's claims.

### 3. The Conversion Claims are Not Futile

Camalo admits she was privy to "numerous documents showing her sales performance and those of her coworkers" and to customer information (Dkt. 27, pg ID283), but alleges that documents obtained during the course of an employment relationship are not subject to a conversion claim. (Dkt. 27, pg ID 288-289). Camalo misses the point: For purposes of this motion, Xerox is not disputing whether Camalo properly obtained control of the documents **while she was employed**. Rather, Xerox claims that Camalo's **continued possession** of the documents amounts to conversion.

To prove statutory conversion, Xerox must show that it suffered damages as a result of either "another person's stealing or embezzling property or converting property to the other person's own use," MCL 600.2919a(1)(a), that the person knew was stolen, embezzled or converted. Conversion to "own use" requires

5

Xerox to show that Camalo "employed the converted property for some purpose personal to [her] interests, even if that purpose is not the object's ordinarily intended purpose." *Aroma Wines & Equip, Inc v Columbian Distrib Servs*, 303 Mich App 441 (2013), *aff'd*, 497 Mich 337 (2015).[1]

All of these elements have been sufficiently pled: Camalo took sensitive, confidential and proprietary documents without authorization and used them for her own use and without authority. The issue is not whether the documents are relevant to the case and are subject to discovery, the issue is whether Camalo had the right to take them and if she engaged in wrongdoing when she did so.[2]

---

[1] In order to prove common law conversion, Xerox must show: (1) that Xerox had ownership, title to, or right to immediate possession of the property; and (2) a distinct act of dominion wrongfully exerted over the Xerox's personal property in any of the following ways: (a) intentionally dispossessing another of a chattel; (b) intentionally destroying or altering a chattel in the actor's possession; (c) using a chattel in the actor's possession without authority to use it; (d) receiving a chattel pursuant to a sale, lease, pledge, gift, or other transaction intending to acquire for himself or herself or for another a proprietary interest in it; (e) disposing of a chattel by a sale, lease, pledge, gift, or other transaction intending to transfer a proprietary interest in it; (f) misdelivering a chattel; or (g) refusing to surrender a chattel on demand. *Michigan Causes of Action Formbook* at § 18.3 (Deborah L. Gordon et al eds, ICLE 1996) (last updated 02/24/2017).

[2] Camalo's reliance on *Innovation Ventures, L.L.C. v. Liquid Mfg., L.L.C.*, No. 315519, 2014 WL 5408963, at *15 (Mich. Ct. App. Oct. 23, 2014), is misplaced. Here, Xerox's allegation is that Camalo has wrongfully asserted dominion and control over documents that are the property of Xerox that she affirmed she did not have: In *Innovation Ventures* the issue was whether they were publicly disclosed.

### 4. The Common Law Duty Claims Are Not Futile

Camalo disputes that she owed any fiduciary or common law duty to Xerox. (Dkt. 27, pg ID 290-292). Although the general rule is that a fiduciary relationship is not automatically created in an employee-employer relationship, the ultimate inquiry is fact-based.

> "Fiduciary relationships [usually] arise in one of four situations: (1) when one person places trust in the faithful integrity of another, who as a result gains superiority or influence over the first, (2) when one person assumes control and responsibility over another, (3) when one person has a duty to act for or give advice to another on matters falling within the scope of the relationship, or (4) when there is a specific relationship that has traditionally been recognized as involving fiduciary duties, as with a lawyer and a client or a stockbroker and a customer."

*Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 753 (E.D. Mich. 2014). These facts have been sufficiently pled and Xerox's counterclaims will survive a motion to dismiss.

Respectfully submitted,

/s/ Jerome R. Watson (P27082)
MILLER, CANFIELD, PADDOCK AND
 STONE, P.L.C.
Attorneys for Defendant Xerox Corporation
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
watson@millercanfield.com

Dated: July 12, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    /s/ Jerome R. Watson
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    Attorneys for Defendant Xerox Corporation
    150 West Jefferson, Suite 2500
    Detroit, MI  48226
    (313) 963-6420
    Watson@millercanfield.com
     P27082

29486295.3\155925-00002